# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KEVIN BUNCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-CV-21 NCC |
| PACIENCE CORTNEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a civil detainee currently being held at Maryville Treatment Center in Maryville, Missouri, seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. The motion will be granted. Additionally, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff, Kevin Bunch, is currently a civil detainee at Maryville Treatment Center in Maryville, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names two defendants in this action: Pacience Cortney, the Assistant Jail Administrator of the Randolph County Sheriff's Department, as well as William Wagner, a Randolph County Sheriff's Deputy. Both individuals are named in this lawsuit in their individual and official capacities.

Plaintiff's claims in this lawsuit stem from his incarceration at the Randolph County Jail from March 28, 2016 through May 26, 2016. Plaintiff claims that during this time period he was repeatedly threatened by two individuals who were housed with him at the Randolph County Jail, and these threats eventually culminated in a physical attack which caused him to need medical attention.

Plaintiff claims that defendant Wagner provided plaintiff with medical treatment after his first attack at the Jail, and it was at this time that he told defendant Wagner that he needed to be moved to "another pod or another county" because of the threats. Plaintiff claims that defendant Wagner told him that he would place plaintiff in protective custody at that time and that his cell would be watched. Plaintiff asserts that defendant Wagner also told plaintiff that he would report the threats and the attack to defendant Cortney, who would ultimately make the decision what to do with plaintiff. After this conversation, plaintiff claims that he was not moved to protective custody, nor was his cell assignment changed in any way.

Plaintiff alleges that the day after he spoke with defendant Wagner his "cell was popped" and he was again attacked. Plaintiff claims that he was physically injured, and he had to be taken to the emergency room, where it was found he sustained damage to his lungs and his ribs.

Plaintiff seeks compensatory and punitive damages in this action.

**Discussion**

After reviewing plaintiff's complaint, the Court believes that plaintiff has provided enough facts in his complaint to allege a failure to protect claim against defendant Wagner in his individual capacity.[1] The Court will instruct the Clerk of Court to issue process as to defendant Wagner on this claim.

Plaintiff's claims against both defendants Wagner and Cortney in their official capacity are subject to dismissal as naming a government official in his official capacity is the equivalent of naming the government entity that employs the official – in this case, Randolph County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against Randolph County, plaintiff must allege that a policy or custom of Randolph County is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Randolph County or the Randolph County Sheriff's Department was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which

---

[1]To state a failure-to-protect claim, a plaintiff is required to allege that a defendant was aware of facts from which he could infer the existence of a substantial risk of serious harm to him, the defendant actually drew the inference, and he failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

relief can be granted against defendants Wagner and Cortney in their official capacities and these claims will be dismissed.

Additionally, plaintiff's claims against defendant Cortney, in his individual capacity, are also subject to dismissal. "Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Cortney was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Cortney.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on plaintiff's failure to protect claim, in violation of the Eighth Amendment, against defendant William Wagner, a Deputy Sheriff in Randolph County, in his individual capacity. Service shall be effectuated by summons at the Randolph County Jail.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Pacience Cortney are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claim against defendant William Wagner in his official capacity are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of April, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE